21UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAGRAPE INVESTORS LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KALEIL ISAZA TUZMAN, MICHAEL SINGER, THE SINGER 1995 FAMILY TRUST, INNOCREATIVE CAPITAL LLC, KIT CAPITAL (NEVIS) LLC, OBRA PIA LTD., OBRA PIA (US) FEEDER, LP, OBRA PIA MANAGEMENT, GP, LTD. and OBRA PIA LTD., SURCUSAL COLOMBIA,<br><br>                    Defendant. | No. 21-cv-7517 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

It has come to the Court's attention that the Complaint in this action does not specify the citizenships of all parties involved, including the citizenships of the members of Seagrape Investors LLC, the members of KIT Capital (Nevis) LLC, the partners of Obra Pia (US) Feeder, LP and the principal places of business for several corporations.  *See* Dkt. No. 75 ¶ 8 (specifying Seagrape's place of business but not citizenships of members); *id.* ¶ 13 (stating that Tuzman owns KIT Capital without specifying if there are non-owner members); *id.* ¶ 15 (identifying Obra Pia US Feeder LP as a BVI limited partnership without identifying any partners other than Obra Pia Management, GP, Ltd.); *id.* ¶ 16 (stating that Obra Pia Management is a BVI corporation without identifying its principal place of business); *id.* ¶ 17 (identifying Obra Pia, Ltd. Surcusal Colombia as a Colombian corporation without specifying its principal place of business).

As numerous courts in this circuit have found, complaints asserting diversity jurisdiction must specify the full citizenship of every party, including members of LLCs, partners of

partnerships and principal places of business of corporations. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998) (complaint must allege principal place of business of corporation); *Brooks v. Bright Horizons Family Sols., Inc.*, No. 24-cv-6076 (PAE), 2025 WL 1796995, at *11 (S.D.N.Y. June 26, 2025) (complaint must allege "citizenship of each LLC's members"); *Bd. of Managers of 17 Battery Pl. Condo v. Twin City Fire Ins. Co.*, No. 24-cv-9972 (PKC), 2025 WL 804830, at *2(S.D.N.Y. Mar. 13, 2025) (same for "general partners and limited partners" of "limited liability partnership").

Seagrape's Complaint is therefore insufficient to sustain diversity jurisdiction. No later than August 26, 2025, Seagrape shall notify the Court whether it can provide the citizenship of all relevant parties. Assuming they can, the Court will give Seagrape until September 2, 2025, to file an amended complaint that specifies each of those citizenships, or else the action will be dismissed for lack of jurisdiction. Absent objection, the Court will assume that Defendants' pending motion to dismiss shall apply equally to Seagrape's forthcoming amended complaint.

SO ORDERED.

Dated: August 21, 2025
New York, New York

Ronnie Abrams
United States District Judge